IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROBERT F. RUSSO, #A-68566, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | Case No. 11-CV-0922-MJR |
| | ) | |
| CFSS POWELL, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM AND ORDER

REAGAN, District Judge:

  Plaintiff, an inmate currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks compensatory damages for an injury he sustained when he fell on a slippery, wet floor while working in the officers' dining area.

  Plaintiff's factual allegations are as follows. On May 6, 2011, Defendant Powell, the Food Supervisor, issued caustic materials to inmate Frier to mop the dining area floor. Powell did not instruct Frier on the proper use of these materials on the highly waxed floor, nor did he supervise Frier. Frier left a slippery, wet film on the floor and did not put out any noticeable warning signs. As a result, Plaintiff, aged 67, slipped and fell, necessitating a total left hip replacement and leaving him with a permanent limp and continuous left hip pain. Plaintiff claims that his injury constitutes unnecessary infliction of pain which implicates his rights under the Eighth Amendment.

1

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff's complaint must be **DISMISSED** and a strike assessed.

To prevail on his claim, Plaintiff must show that Defendant was aware of a "substantial risk of serious injury" but failed to take appropriate steps to protect him. ***Butera v. Cottey,* 285 F.3d 601, 605 (7th Cir. 2002)**. Mere negligence or even gross negligence is not sufficient for liability under § 1983; Defendant's actions must be intentional or criminally reckless. ***Farmer v. Brennan,* 511 U.S. 825, 837 (1994); *Daniels v. Williams,* 474 U.S. 327, 332 (1986)**.

While it is most regrettable that Plaintiff was injured, his claim sounds in negligence rather than in deliberate indifference. Courts have consistently held that slippery, wet floors do not implicate the Constitution. ***See Snipes v. DeTella,* 95 F.3d 586, 592 (7th Cir. 1996) ("an inch or two" of accumulated water in the shower was not "an excessive risk to inmate health or safety"); *Bell v. Ward,* 2004 WL 260284 (7th Cir. 2004) (affirming the dismissal of a slip-and-fall claim on 1915A review because accumulation of water on prison floor did not present a risk of serious injury); *LeMaire v. Maass,* 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors ... do not state even an arguable claim for cruel and unusual punishment"); *Carroll v. DeTella,* 255 F.3d 470, 472 (7th Cir. 2001) ("[F]ailing to provide a maximally safe environment, one completely free from ... safety hazards, is not [a constitutional violation].").**

In sum, Plaintiff has failed to state an Eighth Amendment claim against Powell, whom he holds responsible for the slippery, wet floor.

While relief in federal court is foreclosed to Plaintiff, a suit for negligence may be brought in state court. Plaintiff is aware of this avenue since he has a pending complaint in the Illinois Court of Claims for denial of non-emergency dental treatment without pre-payment, where he lacks the means to pay.

Accordingly, this case will be dismissed for failure to state a claim, which means that Plaintiff will accumulate one "strike" under 28 U.S.C. § 1915(g).

**Pending motion**

Because the Court finds that Plaintiff's action is frivolous, the Court **DENIES** Plaintiff's motion to proceed with civil rights action (Doc. 7).

**Disposition**

For the foregoing reasons, the Court **DISMISSES with prejudice** Plaintiff's suit against Defendant Powell. *Fiorentino v. Biershbach,* **64 Fed.Appx. 550, 553 (7th Cir. 2003),** *citing Gladney v. Pendleton Corr. Facility,* **302 F.3d 773, 775 (7th Cir. 2002) ("[A] dismissal for failure to state a claim under § 1915A should be made with prejudice.")**.

The Court's review indicates that Plaintiff has not previously incurred any "strikes" for pursuing frivolous litigation. So, he incurs his first strike under 28 U.S.C. § 1915(g) for pursuing this action

This case is closed.

IT IS SO ORDERED.

DATED: August 16, 2012

                                                              s/Michael J. Reagan
                                                              MICHAEL J. REAGAN
                                                              United States District Judge